IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | 06-10463 |
| SARA ELIZABETH DAVIS, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

## MEMORANDUM OPINION

This matter came before the Court for hearing on June 26, 2006, upon a Motion by the Debtor to Extend Automatic Stay, filed by the above-referenced debtor (the "Debtor") on June 6, 2006. At the hearing, the Debtor appeared pro se, and Anita Jo Kinlaw Troxler was present in her capacity as the Chapter 13 Trustee.

Based upon the statements presented at the hearing and a review of the entire official file, the Court hereby makes the following findings of fact and conclusions of law.

### FACTS

1.  The Debtor filed this bankruptcy proceeding on April 28, 2006.

2.  On May 30, 2006, this Court entered an Order dismissing this bankruptcy proceeding due to the Debtor's failure to obtain prepetition credit counseling as required by Section 109 of the Bankruptcy Code.

3.  On May 11, 2006, the Debtor filed a Motion to Extend Automatic Stay (the "First Motion to Extend Stay"), which requested that the Court extend the automatic stay beyond the 30-day period proscribed by Section 362(c)(3). Due to the dismissal of the case, the First

Motion to Extend Stay was moot, so the Court entered an Order on June 1, 2006 denying it.

   4.  On June 6, 2006, the Debtor filed the Motion to Extend Stay (the "Second Motion to Extend Stay"), which sought to have the Court "grant a temporary stay under §362(a) as to all creditors for the duration of the Chapter 13 Dismissal Appeal proceeding, or until such time as the stay is terminated under §362(c)(1) or (c)(2), or a motion for relief is granted under §362(d)."

## ANALYSIS

The Second Motion to Extend Stay could be one of three possible motions.  It could be a motion for stay pending appeal pursuant to Rule 8005 of the Federal Rules of Bankruptcy Procedure.  It could be a motion for rehearing of the Court's June 1, 2006 order, which denied the First Motion to Extend Stay.  Finally, it could be a motion to impose the automatic stay pursuant to Section 362(c)(4).  The Court will consider each possibility.

### Motion for Stay Pending Appeal

A stay pending appeal pursuant to Rule 8005 of the Federal Rules of Bankruptcy Procedure requires that a timely notice of appeal be filed with the Bankruptcy Court.  Rule 8005 incorporates Rule 62 of the Federal Rules of Civil Procedure, and Rule 65(a) requires an appeal of an order to be filed within ten days of the entry of the order.  The Debtor did not file a timely appeal of the May 30, 2006 order dismissing her case nor did she file a timely appeal of the June 1, 2006 order denying the First Motion to Extend Stay.  In fact, the Debtor has filed no appeals to date.  Thus, the Debtor cannot receive a stay pending appeal.  If the Second Motion to Extend Stay is a motion for a stay pending appeal, then it must be denied.

Motion for Rehearing

The First Motion to Extend Stay pursuant to Section 362(c)(3)[1] was denied. The Second Motion to Extend Stay, filed five days after entry of the order denying the First Motion to Extend Stay,[2] could be viewed as a motion to rehear under Rule 59 of the Federal Rules of Civil Procedure. If so, then the motion must be denied for two reasons. First, the Debtor's bankruptcy case has been dismissed, so the matter is moot. Second, a motion to extend the stay under Section 362(c)(3)(B) must be heard <u>before</u> the thirtieth day after the filing of the petition. The Second Motion to Extend Stay was filed on June 6, 2006, which was more than thirty days after the filing of this bankruptcy case.

Motion to Impose the Automatic Stay

Finally, the Second Motion to Extend Stay could be viewed as a motion to impose the automatic stay pursuant to Section 362(c)(4)(B). If so, then the motion must again be denied. Section 362(c)(4)(B) requires that a motion to impose the automatic stay be filed within thirty days of the bankruptcy filing. The Second Motion to Extend Stay was filed on June 6, 2006. Since this bankruptcy case was filed on April 28, 2006, the Second Motion to Extend Stay was not filed within thirty days of the petition date. In addition, the application of Section 362(c)(4)(A)(I) requires that the debtor have two or more cases be pending within the year

---

[1] Section 362(c)(3) provides that for a debtor who has been an individual under a chapter 7, 11, or 13 case that was pending within the preceding one-year period and was dismissed, the automatic stay shall terminate with respect to the debtor on the thirtieth day after the filing of the later case.

[2] The Second Motion to Extend Stay was filed within ten days of the order dismissing the First Motion to Extend Stay, which is one of the requirements of a motion to rehear. <u>See</u> 59(b) Fed.R.Civ.P.

preceding the filing of the current case.  The Debtor only had one previous case within that period.  Thus, the Court cannot impose the automatic stay.

## CONCLUSION

For the reasons stated herein, the Second Motion to Extend Stay is hereby DENIED.

This opinion constitutes the Court's findings of fact and conclusions of law.  A separate order shall be entered pursuant to Fed. R. Bank. P. 9021.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

IN RE                                               )
                                                    )        06-10463
SARA ELIZABETH DAVIS,                               )
                                                    )
    Debtor.                                         )
_____)

## PARTIES IN INTEREST

Sara Elizabeth Davis

Anita Jo Kinlaw Troxler, Esquire